976 F.2d 748
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Harold S. HEMSTREET, Plaintiff-Appellant,
v.
BANCTEC, INC., Defendant-Appellee.
 No. 91-1089.
 United States Court of Appeals, Federal Circuit.
 Aug. 14, 1992.
 
 Before RICH, PAULINE NEWMAN and LOURIE, Circuit Judges.
 DECISION
 LOURIE, Circuit Judge.
 
 
 1
 Harold S. Hemstreet appeals the judgment of the United States District Court for the Northern District of Illinois, No. 89 C 5939 (October 16, 1990), granting summary judgment in favor of Banctec, Inc. The court, relying on Hemstreet v. Computer Entry Systems Corp. ("CES I"), 741 F.Supp. 1308, 16 USPQ2d 1204 (N.D.Ill.1990) and Hemstreet v. Lundy Electronics & Systems, Inc., No. 89 C 5940 (N.D.Ill.1990), held that Hemstreet's patent infringement claims were barred by the doctrines of laches and equitable estoppel. We reverse the order granting summary judgment, vacate the judgment for Banctec, and remand.
 
 DISCUSSION
 
 2
 As the trial court noted in adopting the district court opinions in CES I and Lundy, this case is nearly identical factually to those cases. In CES I, we have reversed the grant of summary judgment and remanded. Hemstreet v. Computer Entry Sys. Corp. ("CES II"), No. 90-1436 (Fed.Cir. Aug. 12, 1992). We refer the trial court to that opinion.
 
 
 3
 Like the defendant in CES I and Lundy, Banctec received a July 1, 1983 letter from Hemstreet's attorney alleging infringement, offering to negotiate a license, and advising it of ongoing litigation against another corporation.* Banctec alleges economic prejudice and detrimental reliance based upon assertions that Hemstreet failed to act during the years that Banctec spent millions of dollars building up its business, and that it has been prejudiced through the loss of documents and the death of witnesses. Banctec's allegations of unreasonable and inexcusable delay are based upon the same facts discussed in CES II.
 
 1. Laches
 
 4
 The trial court "adopted" the district court opinions in CES I and Lundy, and held that Hemstreet's claims against Banctec likewise were barred by laches. The trial court stated that Hemstreet's delay of more than six years was presumptively unreasonable and inexcusable, without recognizing the continuing burden of proof on Banctec to affirmatively prove unreasonable or inexcusable delay and prejudice resulting from that delay.
 
 
 5
 The court's analysis is inconsistent with our recent clarification of the law of laches in A.C. Aukerman Co. v. R.L. Chaides Construction Co., 960 F.2d 1020, 22 USPQ2d 1321 (Fed.Cir.1992) (in banc), which allows a plaintiff to "burst" a presumption of laches with the introduction of evidence sufficient to raise a genuine issue as to either delay or prejudice. Here, just as in the CES case, Hemstreet introduced evidence that the delay was attributable to his litigation with another company as well as a re-examination proceeding which was instigated some time after the 1983 notice letter. This evidence was more than sufficient to raise a genuine dispute as to whether the delay was excusable. The presumption was thus "burst."
 
 
 6
 Consistent with our holding in CES II, summary judgment on the laches issue is therefore reversed. The record before us was created with a different understanding of the requirements of the law. Thus, Banctec should have an opportunity to augment the record. If Banctec chooses to pursue the laches defense, it must prove both delay and prejudice in accordance with Aukerman and CES II.
 
 2. Estoppel
 
 7
 The facts providing support for Banctec's equitable estoppel defense are virtually identical to those in the CES I case. As in CES II, summary judgment on the equitable estoppel issue is reversed. While Banctec did not prove to the trial court that misleading and prejudicial conduct by Hemstreet occurred, we remand the matter to the trial court for such further proceedings on the issue of estoppel as may be appropriate, consistent with CES II and Aukerman.
 
 COSTS
 
 8
 No costs.
 
 
 
 *
 Hemstreet also submitted evidence of his explicit announcement to predecessors of Banctec that he intended to sue to enforce his patent rights at the termination of then existing litigation. Because of our disposition here and in CES II, we need not address this additional evidence